UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD.<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　　　　Defendant. | Court No. 20-00109 |

**COMPLAINT**

Plaintiff Dalian Meisen Woodworking Co., Ltd. ("Plaintiff" or "Meisen"), by and through its attorneys, alleges and states the following:

## I.　JURISDICTIONAL STATEMENT

1. This action is brought to contest the final determination of the U.S. Department of Commerce ("the Department" or "Commerce") under 19 U.S.C. §1673d in the antidumping investigation of Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China. *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value Certain Steel Nails from the People's Republic of China*, 85 Fed. Reg. 11953 (February 28, 2020); *see also Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Corrected Notice of Final Affirmative Determination of Sales at Less Than Fair Value*, 85 Fed. Reg. 17855 (March 31, 2020) ("Final Determination") and *Wooden Cabinets*

1

*and Vanities and Components Thereof From the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22126 (April 21, 2020) ("Order")..

2.  This action is brought pursuant to sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended (the "Act") (19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i)), and pursuant to 28 U.S.C. § 1581(c), which confers upon this Court exclusive jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

## II.   STANDING OF THE PLAINTIFF

3.  Meisen is a foreign producer and exporter of the subject merchandise and an interested party as defined by 19 U.S.C. § 1677(9)(A).  Meisen also fully participated as a mandatory respondent in the proceeding before Commerce that is the subject of this action.  Therefore, Meisen has standing under 28 U.S.C. §2631(c) and 19 U.S.C. § 1516a(d).

## III.   TIMELINESS OF THIS ACTION

4.  The Order was published in the Federal Register on April 21, 2020.  Meisen filed its summons on May 19, 2020, which is within 30 days of the publication of the order.  *See* 19 U.S.C. § 1516a(2)(A).  Meisen timely files this complaint within 30 days of the filing of the summons in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3 and 6 of the Rules of this Court.

## IV.   STATEMENT OF FACTS

5.  On March 6, 2019, Petitioners filed the antidumping duty petition covering wooden cabinets and vanities from China and Commerce published the notice of initiation on April 2,

2019.  *See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Initiation of Less-Than-Fair-Value Investigation*, 84 Fed. Reg. 12587 (April 2, 2019).

6.	During the course of the investigation, Commerce selected Meisen as a mandatory respondent. Meisen fully cooperated with Commerce's investigation by submitting responses to Commerce's questionnaires and supplemental questionnaires, as well as submitting other facts and arguments pursuant to the statute and regulations.

7.	Commerce published its preliminary determination on October 9, 2019.  *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination and Extension of Provisional Measures*, 84 Fed. Reg. 54106 (October 9, 2019); *see also Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination and Extension of Provisional Measures*, 84 Fed. Reg. 56420 (October 22, 2019).  In its preliminary determination, Commerce assigned Meisen a total adverse facts available rate of 262.18 percent, which was equivalent to the PRC-wide rate.  Commerce based this determination on the claim that record information indicated that Meisen marketed and had sales of merchandise under consideration during the period of investigation that were produced using maple wood, a primary raw material that Meisen allegedly failed to report to Commerce. *See* Decision Memorandum for the Preliminary Affirmative Determination of Sales at Less Than Fair Value, dated October 2, 2019 at 24.  This determination was made despite Meisen's repeated denials and proof that it did not use maple wood in its production of the subject merchandise.

8. On December 27, 2019, after Meisen had submitted further information in support of its position, at the explicit request of Commerce, Commerce cancelled verification. Commerce published its final determination on February 28, 2020, in which it continued to apply total adverse facts available to Meisen. *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value*, 85 Fed. Reg. 11953 (February 28, 2020); *see also Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Corrected Notice of Final Affirmative Determination of Sales at Less Than Fair Value*, 85 Fed. Reg. 17855 (March 31, 2020). The Order was published on April 21, 2020. *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22126 (April 21, 2020)

## V. COUNTS

### COUNT 1

9. Plaintiff hereby incorporates, by reference, paragraphs 1 through 8 above.

10. Commerce's decision not to verify Meisen was not supported by substantial evidence and otherwise not in accordance with law.

### COUNT 2

11. Plaintiff hereby incorporates, by reference, paragraphs 1 through 10 above.

12. Commerce's decision to assign Meisen a margin based on total adverse facts available was not supported by substantial evidence and otherwise not in accordance with law.

**PRAYER FOR RELIEF**

WHEREFORE, and as challenged herein, Plaintiffs respectfully request that this Court:

(1) Remand with instructions to verify Meisen and recalculate the antidumping duty margin assigned to Meisen in accordance with the decision of this Court;

2) Grant Plaintiff such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/Jeffrey S. Neeley_____
Jeffrey S. Neeley
Husch Blackwell, LLP

750 17th St., NW Suite 900
Washington, D.C. 20006
(202) 378 – 2357
Jeffrey.Neeley@huschblackwell.com

Dated: June 15, 2020