UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., )<br>)<br>*Plaintiff,*  )<br>)<br>v.  )<br>)<br>UNITED STATES,  )<br>)<br>*Defendant.*  )<br>) | Court No. 20-00109 |

## ORDER

Upon consideration of the consent motion of the American Kitchen Cabinet Alliance (the "Applicant") to intervene as Defendant-Intervenor in the above-captioned matter, and all other pertinent papers, it is hereby

ORDERED that the Applicant's motion to intervene is GRANTED.

_____
Judge
U.S. Court of International Trade

Dated:_____, 2020
    New York, New York

#### UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., | ) ) ) | |
| *Plaintiff,* | ) ) | Court No. 20-00109 |
| v. | ) ) | |
| UNITED STATES, | ) ) | |
| *Defendant.* | ) ) ) | |

### CONSENT MOTION TO INTERVENE AS DEFENDANT-INTERVENOR

Pursuant to Rules 24 of the Rules of this Court, the American Kitchen Cabinet Alliance ("AKCA") hereby requests that it be permitted to intervene in the above-captioned action as a Defendant-Intervenor.  In support its request, the AKCA states as follows:

1.     On May 19, 2020, Dalian Meisen Woodworking Co., Ltd. ("Dalian") initiated this action by filing a Summons appealing the U.S. Department of Commerce's final determination in the antidumping duty investigation of wooden cabinets and vanities from China.  *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (April 21, 2020*); see also Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Corrected Notice of Final Affirmative Determination of Sales at Less Than Fair Value,* 85 Fed. Reg. 17,855 (March 31, 2020).

2.     The AKCA is an alliance of domestic producers of wooden cabinets and vanities who petitioned for, and participated in, the antidumping duty investigation of wooden cabinets and vanities from China, and therefore is an "interested party" within the meaning of 19 U.S.C. § 1677(9)(E) and a "party to the proceeding" under 28 U.S.C. § 2631(j)(1)(B).  Accordingly, the

AKCA has standing to appear and be heard as a party in interest before this Court pursuant to 19 U.S.C. § 1516a(d), and may intervene as a matter of right pursuant to 28 U.S.C. § 2631(j)(1)(B).

3. Dalian filed its Complaint in this matter on June 15, 2020. Therefore, this application is timely pursuant to Rule 24(a), having been made within 30 days after the date of service of the Complaint.

4. In accordance with Rule 24(c) of this Court, counsel for the AKCA has consulted the other parties to this proceeding with regard to this motion. In particular, Jeffrey S. Neeley, Esq., of the law firm of Husch Blackwell, LLP, counsel to Dalian, and Ioana Cristei, Esq., of the United States Department of Justice, counsel to Defendant United States, consented to this motion via email on June 24, 2020.

Based on the foregoing, the AKCA respectfully requests that the Court grant its motion to intervene as a matter of right as Defendant-Intervenor in this proceeding.

Respectfully Submitted,

/s/ Luke A. Meisner
Roger B. Schagrin
Luke A. Meisner
**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W., Suite 500
Washington, D.C. 20001
*Counsel for the American Kitchen Cabinet Alliance*

Dated: June 24, 2020

2