

Mark R. Ludwikowski
T (202) 640-6680
F (202) 640-6693
Email:mludwikowski@ClarkHill.com

Clark Hill
1001 Pennsylvania Avenue N.W.
Suite 1300 South
Washington, DC 20004
T (202) 772-0909
F (202) 772-0919

September 24, 2021

**VIA ELECTRONIC FILING**

The Honorable M. Miller Baker
Judge
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278-0001

  Re: ***Dalian Meisen Woodworking Co., Ltd. v. United States***, **Court No. 20-CV-00109**

Dear Judge Baker:

On behalf of Cabinets to Go, LLC ("CTG"), Plaintiff-Intervenor in this action, we submit this letter in response to the Court's order and questions issued on September 17, 2021 (ECF No. 66).

1. **If the court remands and orders Commerce to recalculate Meisen's rate, does Cabinets to Go seek an order requiring Commerce to also recalculate the rate for successful separate-rate applicants, including Cabinets to Go's suppliers?**

Response: Yes, to the extent the remand recalculation of Meisen's rate lowers the separate rate below the current one of 42.50% CTG seeks an order for relief on behalf of its suppliers. Consistent with Commerce's practice, a remand can only apply to separate rate respondents that are a party to the litigation.[1] CTG plans to provide its comments on any such remand recalculation ordered by the court.

---

[1] *See e.g.,* Final Results of Redetermination Pursuant to Court Remand, *NTSF Seafoods Joint Stock Company and Vinh Quang Fisheries Corporation v. United States,* Court No. 19-00063, Slip Op. 20-180, at 17 (Ct. Int'l Trade, December 21, 2020) (ECF No. 78).

September 24, 2021
Page 2

As noted in response to question three, it is unknowable to CTG whether the rate assigned to successful separate rate respondents (and thus ultimately paid by CTG as the importer of record) would drop below the current separate rate. A remand could result in a rate reduction, but that the range of that reduction is quite large depending on the actions taken by Commerce.

It is counsel's understanding that Meisen's recalculated rate could be as low as zero (which would exclude Meisen from the AD order and, thus, its rate from a separate rate recalculation) or end up higher than the current separate rate of 48,50%.

Pursuant to 19 U.S.C. § 1673d(c)(5)(A), a rate calculated by Commerce for successful separate rate applicants is the weighted-average rate of mandatory respondents' rates, other than zero and de minimis margins, and any margins determined entirely on adverse facts available ("AFA"). In its final determination subject to this appeal, Commerce excluded Meisen's rate because it was based entirely on AFA.

If Meisen is assigned a zero rate on remand, according to the statute this rate would have to be excluded – as is Meisen's AFA rate now – from Commerce's recalculation of the separate rate. Such a scenario would present a status quo for separate rate applicants.

2. **If the answer to question one above is no, then please describe what relief, if any, Cabinets to Go seeks from the court.**

<u>Response</u>: Not applicable.

3. **If the court orders Commerce to recalculate the rate for successful separate-rate applicants as described in question one above, is it more likely than not, less likely than not, or unknowable whether the rate assigned to successful separate-rate applicants (and thus ultimately paid by Cabinets to Go as the importer of record) would drop?**

<u>Response</u>: As noted in response to question one, it is unknowable to CTG whether the rate assigned to successful separate rate respondents (and thus ultimately paid by CTG as the importer of record) would drop below the current separate rate. A reduction on remand could

clarkhill.com

September 24, 2021
Page 3

range from zero all the way up to Meisen's current rate depending on actions Commerce takes, such as whether it has any kind of verification of Meisen's data.

    **4. Relatedly, if the court orders Commerce to recalculate the rate for successful separate-rate applicants as described in question one above, is it more likely than not, less likely than not, or unknowable whether the rate assigned to successful separate-rate applicants (and thus ultimately paid by Cabinets to Go as the importer of record) would increase?**

Response: It is unknowable to CTG whether the rate assigned to successful separate rate respondents (and thus ultimately paid by CTG as the importer of record) would increase the current separate rate. For example, Meisen's rate on remand could be reduced below its AFA rate but still be above the current separate rate of 42.50%. Since it would no longer be an AFA rate, it could be counted as part of the weighted-average rates of the mandatory respondents' rates. Such as scenario could increase the current separate rate. But as noted in response to question three, there are many factors which may affect the range of Commerce's recalculation on remand.

Respectfully submitted,

CLARK HILL

*Mark Ludwikowski*
*Courtney G. Taylor*

*Counsel for Plaintiff-Intervenor*

MRL: