UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DALIAN MEISEN WOODWORKING CO., LTD., <br>    *Plaintiff,* <br> and <br> CABINETS TO GO, LLC, <br>    *Plaintiff-Intervenor,* <br> v. <br> UNITED STATES, <br>    *Defendant,* <br> and <br> AMERICAN KITCHEN CABINET ALLIANCE, <br>    *Defendant-Intervenor.* | Ct. No. 20-00109 <br><br> Before: M. Miller Baker, Judge |

**ORDER**

For the reasons stated in Slip Opinion 21-158 (ECF 71), it is hereby **ORDERED** as follows:

1.    Plaintiff's motion for judgment on the agency record (ECF 30, confidential; ECF 31, public) is **GRANTED**.

2.    This case is **REMANDED** to the Department of Commerce with instructions that the Department reconsider its application of facts otherwise available with an adverse inference, including whether and to what extent it will use Plaintiff's submitted information in its antidumping calculations. Insofar as Commerce chooses to use Plaintiff's information, it must then undertake verification. Insofar as the Department recalculates Plaintiff's antidump-

ing rate, it must also recalculate the rate for Plaintiff-Intervenor's suppliers accordingly.

    3.    This case will proceed with the following schedule:

        a.    Commerce must file its remand determination on or before 120 days after the date of entry of this order.

        b.    Commerce must file the administrative record on or before 14 days after the date on which it files the remand determination.

        c.    This chambers' instructions[1] will govern preparation of the post-remand joint appendix, with the following exceptions:

            i.    The joint appendix in the post-remand proceedings must be titled "Remand Appendix" (clarified, if necessary, with "Public" and "Confidential" designations as appropriate, as well as with volume numbers indicating the page ranges contained in each volume, again as appropriate).

            ii.    The Remand Appendix must include all pages cited in the parties' post-remand comments to this court, even if they were previously included in the original Joint Appendix.

            iii.    Any page repeated from the original (pre-remand) Joint Appendix will bear the same Appx page number it bore

---

[1] https://www.cit.uscourts.gov/sites/cit/files/Joint%20Appendix%20Preparation%20in%20Cases%20Assigned%20to%20Judge%20Baker.pdf.

in the original appendix—e.g., page Appx1776 remains page Appx1776. *New* pages not contained in the original joint appendix will receive page numbers that continue the numerical sequence from the last page of the original Appx page numbering. The process for numbering pages, and then for determining the actual pages to be included in the Remand Appendix, will follow the Joint Appendix Preparation instructions.

    iv.    No later than 14 days after Commerce files the administrative record, the parties are to file a proposed scheduling order advising the court of which preparation option the parties have selected and proposing due dates for the parties' comments, the Remand Appendix, and any motions for oral argument. The proposed due dates should reflect the appendix preparation option the parties choose.

  d.  The parties' proposed scheduling order must prescribe deadlines for the intervenors' comments that are later than the deadlines for the parties the intervenors support in order to avoid repetition of arguments. It must also include an appropriately-reduced word count limitation for the intervenors' comments. The court normally allows an intervenor half the words available to the party-in-chief;

3

if the parties believe some other word count is necessary, please explain why.

Dated:   November 18, 2021         /s/ *M. Miller Baker*
         New York, New York        M. Miller Baker, Judge